*In re* PERRY *et al.*

(*Circuit Court, S. D. New York.* April 27, 1891.)

1. CUSTOMS DUTIES.
   Act October 1, 1890. Construction of paragraphs 122 and 677.
2. SAME.
   Painted glass windows, specially imported in good faith for the use of a society or institution incorporated or established for religious purposes, and not intended for sale, are free of duty, under paragraph 677.
3. SAME.
   Painted glass windows *held* to be "paintings," within the definition of that term in paragraph 677 of the free list; and the particular use of the importation, as therein described, constitutes a more specific designation thereof than the language used in paragraph 122.

At Law. Appeal from decision of board of United States general appraisers.

Perry & Ryer imported into the port of New York, per Rugia, November 24, 1890, certain stained or painted glass windows or paintings on glass which were specially imported in good faith for the use of the Convent of the Sacred Heart at Philadelphia, and not intended for sale. They were invoiced as "three cases paintings," and were returned by the appraiser as attaining to the rank of works of art. The collector of customs at the port of New York assessed duty thereon at 45 per centum *ad valorem* under the provisions of paragraph 122 of Schedule B of the tariff act of October 1, 1890, providing for that rate of duty upon "all stained or painted window-glass and stained or painted glass windows." The importers duly protested, claiming that the said paintings were entitled to exemption from duty under the provision in the free list of said

act, paragraph 677, for "paintings * * * specially imported in good faith for the use of any society or institution incorporated or established for religious * * * purposes, and not intended for sale." The importers duly appealed from the decision of the collector to the board of United States general appraisers, under the act of June 10, 1890, entitled "An act to simplify the laws in relation to the collection of the revenues." The board of United States general appraisers, on March 6, 1891, affirmed the decision of the collector. S. S. 10,902 G. A. 397. The importers thereupon made application under section 15 of the act of June 10, 1890, for a review by the United States circuit court of the questions of law and fact involved in such decision. The appeal was heard upon the return of the board of United States general appraisers, filed in the United States circuit court on March 28, 1891, and upon additional evidence taken before Hon. George H. Sharpe, one of said general appraisers, as provided by law.

*W. Wickham Smith,* for importers.

*Edward Mitchell,* U. S. Atty., and *Henry C. Platt,* Asst. U. S. Atty., for collector.

LACOMBE, Circuit Judge, (*orally.*) The board of appraisers in their decision state that the word "paintings" is no doubt sufficiently comprehensive to embrace paintings on glass as well as on other substances, and add that the practice of the treasury department for a long series of years has been to classify paintings on glass of the kind under consideration as "paintings" within the meaning of the former tariff acts, at least when they attained to the dignity of works of art. That finding of the board seems entirely borne out by the decisions of the treasury department which have been read here, and commends itself to the good sense of every one. It seems also to have been the meaning which congress attached to the word "paintings," because, in paragraph 757, where it made provision with regard to pictorial paintings on glass, it expressly excepted from that classification "stained or painted window-glass or stained or painted glass windows." Evidently congress understood that, unless it thus excepted "painted window-glass or painted glass windows," the particular article referred to would fall within the general phraseology, "pictorial paintings on glass." Therefore, when we find the word "paintings" in section 677, it is manifestly the generic word "paintings." There is nothing to limit or qualify, so far as I can see, its broad meaning. That being so, we have, then—*First,* the broad and generic term "paintings," and, *secondly,* as a class or group included under that generic term, the particular variety of painting which is known as "painted window-glass or painted glass windows." Of course, if it were only a question as to "paintings" on the one side, and the particular kind of painting which is known as "painted glass windows" on the other, there could be no doubt that the latter should be held the more specific designation of the two. We have, however, in paragraph 677 a provision, not for paintings in general, but for "paintings imported in good faith for the use of any religious society, and not intended for sale." I am

at a loss to conceive of any more specific designation than that which is limited by the particular use of the individual article which is the subject of importation. Under these circumstances, it seems to me that the articles here,—there being no dispute as to the purpose for which they were imported, or as to the fact that they were brought here in good faith, and are not intended for sale,—there can be no doubt, it seems to me, that they fall within paragraph 677, and are therefore free. For that reason I shall reverse the decision of the board of appraisers, and direct the assessment of duty in accordance with the terms of this decision.